﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/21 Archive Date: 03/31/21

DOCKET NO. 190731-25255
DATE: March 31, 2021

ORDER

Service connection for bilateral hearing loss is granted.

Service connection for tinnitus is granted.

FINDINGS OF FACT

1. The Veteran was exposed to acoustic trauma during active service.

2. The evidence is in relative equipoise as to whether current bilateral hearing loss and tinnitus are related to in-service acoustic trauma.

CONCLUSIONS OF LAW

1. The criteria for service connection for bilateral hearing loss have been met. 38 U.S.C. §§ 1101, 1112, 1113, 1131, 1137, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309, 3.385.

2. The criteria for Service connection for tinnitus have been met. 38 U.S.C. §§ 1101, 1112, 1113, 1131, 1137, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from August 1955 to October 1955, with additional service in the National Guard.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. This decision has been written consistent with the new AMA framework.

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a July 2019 rating decision of a VA regional office (RO). In July 2019, the Veteran appealed under AMA, requesting a hearing by a Veterans Law Judge (VLJ). That hearing was held in February 2021. This decision has been activated under the “one-touch” program, and as such, a transcript of the hearing will be associated with the claims file at a later date.

Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal, as well as any evidence submitted by the Veteran his representative at the hearing or within 90 days following the hearing. 38 C.F.R. § 20.302(a). While the 90 days has not expired following the hearing, as the Board is granting the issue on appeal, there is no prejudice to the Veteran.

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active service. To establish a service connection for a disability, a Veteran must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303; Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009).

That determination requires a finding of current disability that is related to an injury or disease in service. Watson v. Brown, 4 Vet. App. 309 (1993). Service connection may be granted for a disability diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disability is due to disease or injury that was incurred or aggravated in service. 38 C.F.R. § 3.303(d). 

In addition, certain chronic diseases, including sensorineural hearing loss and tinnitus (as organic diseases of the nervous system), may be presumed to have been incurred or aggravated during service if they become disabling to a compensable degree within one year of separation from active duty. 38 U.S.C. §§ 1101, 1112; 38 C.F.R. §§ 3.307, 3.309

A Veteran need only demonstrate that there is an approximate balance of positive and negative evidence to prevail. Gilbert v. Derwinski, 1 Vet. App. 49 (1990). To deny a claim on its merits, the preponderance of the evidence must be against the claim. Alemany v. Brown, 9 Vet. App. 519 (1996).

The Veteran contends that current bilateral hearing loss and tinnitus are the direct result of noise exposure during service. Specifically, the Veteran asserts that he developed hearing loss and tinnitus disabilities as a result of in-service exposure to traumatic noise during the performance of duties working as a tank crewman, and that the disabilities have continued to worsen since service.

The Service Treatment Records (STRs) available for review do not contain any audiometric findings.

At a July 2019 VA examination, the examiner diagnosed bilateral sensorineural hearing loss and tinnitus. The VA audiogram shows that the Veteran has a bilateral hearing loss disability for VA purposes, as the Veteran had bilateral pure-tone threshold levels of 26 decibels or greater at all frequencies. 38 C.F.R. § 3.385. The Veteran reported the presence of recurrent tinnitus, but he could not recall exact onset. The examiner was unable to provide an opinion regarding whether the hearing loss and tinnitus were related to service, as there were no audiometric findings to determine if there was any change in hearing that occurred during service. 

The Veteran is competent to report experiencing an in-service injury and resultant diminished hearing and additional auditory pathology in the form of hearing loss and tinnitus, as hearing loss and tinnitus are conditions with unique and readily identifiable features that are capable of lay observation. Jandreau v. Nicholson, 492 F. 3d 1372 (Fed. Cir. 2007); Washington v. Nicholson, 19 Vet. App. 362 (2005); Barr v. Nicholson, 21 Vet. App. 303 (2007); Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009). The Veteran testified that he noticed decreased hearing acuity and ringing in the ears after in-service noise exposure, and that his auditory symptoms had progressively worsened since that time. When audiometric test results do not meet the regulatory requirements for establishing a hearing loss disability at the time of separation from service, the Veteran may nevertheless establish service connection for a current hearing disability by submitting competent evidence that the current disability is causally related to service. Hensley v. Brown, 5 Vet. App. 155 (1993).

Accordingly, the Board finds the Veteran’s account of experiencing in-service acoustic trauma and auditory symptomatology to be credible and consistent with the circumstances of his service. 38 U.S.C. § 1154(a); Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006). Additionally, the Board finds the Veteran to be credible in his report of having auditory symptomatology during and since service. Thus, there is competent and credible lay evidence of record that bilateral hearing loss occurred following acoustic trauma during active service and a continuity of symptomatology since that time. The Board finds that the Veteran’s statements are credible evidence of a continuity of symptomatology.

In sum, the Veteran has competently and credibly reported a continuity of symptomatology of bilateral auditory pathology in the form of decreased hearing acuity and ringing in the ears during and since active service. Charles v. Principi, 16 Vet. App. 370 (2002); Jefferson v. Principi, 271 F.3d 1072 (Fed. Cir. 2001). That report of a continuity of symptomatology suggests a link between current bilateral hearing loss and tinnitus, and active service. Duenas v. Principi, 18 Vet. App. 512 (2004). There is no evidence that directly contradicts the Veteran’s report and the Board finds the reports of continuity of symptomatology to be credible. Accordingly, the Board finds that the evidence for and against the claims is at least in equipoise. When the evidence for and against the claim is in relative equipoise, the Board must resolve all reasonable doubt in favor of the Veteran.

Resolving reasonable doubt in favor of the Veteran, the claim for entitlement to service connection for bilateral hearing loss and tinnitus is warranted. Gilbert v. Derwinski, 1 Vet. App. 49 (1990); 38 U.S.C. § 5107; 38 C.F.R. § 3.102.

 

 

JOHN Z. JONES

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board H. Ahmad, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.